IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFF GORDON, #1586761,<br>　　　Plaintiff, | § § § | |
| v. | § | 3:11-CV-0225-G (BK) |
| BRAD LIVINGSTON, et al.,<br>　　　Defendants. | § § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for pretrial management. For the reasons set out below, the District Court should dismiss this action as barred by the three-strike provision of 28 U.S.C. § 1915(g).

**I. BACKGROUND**

Plaintiff, a state inmate confined within the Texas Department of Criminal Justice (TDCJ) at the Terrell Unit in Rosharon, Texas, filed this *pro se* civil rights action against TDCJ Director Brad Livingston, Director of Health Services Lannette Linthicum, Director of Clinical Services Owen J. Murray, and various unidentified individuals. He submitted a motion for leave to proceed *in forma pauperis* and a motion for preliminary injunction and protective order. (Doc. 2-3.) The Court did not issue process pending preliminary screening.

**II. ANALYSIS**

28 U.S.C. § 1915(g), the "three-strike" provision of the Prison Litigation Reform Act (PLRA), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court which were dismissed, either by a district court or appellate court, as being frivolous, malicious,

or for failing to state a claim. *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

Plaintiff has had three prior civil actions dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Gordon v. TDCJ*, 2010 WL 3860477 (E.D. Tex. Sep. 3, 2010), *recommendation accepted*, 2010 WL 3860485 (E.D. Tex. Sep. 29, 2010) (No. 6:10-CV-123) (dismissing case with prejudice under FED. R. CIV. P. 41(b) and 28 U.S.C. § 1915A(b)(1)); *Gordon v. TDJC*, 2010 WL 4054083, *4 (S.D. Tex. Oct. 14, 2010) (No. 4:10-CV-1174) (dismissing case with prejudice under 28 U.S.C. § 1915(e)(2)(B)); *Gordon v. Thomasen*, No. 1:10-CV-0139 (N.D. Tex., Abilene Div., Nov. 15, 2010) (dismissing case with prejudice as frivolous under screening provisions of 28 U.S.C. § 1915A).[1]

Having accumulated three "strikes," section 1915(g) precludes Plaintiff from proceeding in this action *in forma pauperis* unless he alleges a claim of "imminent danger of serious physical injury" at the time of filing the complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). The complaint, even when liberally construed, presents no claim that Plaintiff was in danger of any physical injury at the time of filing. *See Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997). Plaintiff complains that Defendants implemented and enforced a policy or custom, in violation of his Eighth Amendment rights, that prevented TDCJ employees from acquiring "free-world medical records of inmates" upon their admission into TDCJ. (Doc. 1 at 16.) He alleges that this policy or custom was "the direct and proximate cause of the deliberate indifference to . . . [his] serious medical needs." (*Id.*) However, Plaintiff concedes undergoing

---

[1] The U.S. District Court for the Eastern District of Texas dismissed *Gordon v. TDCJ*, 2010 WL 3860477, for want of prosecution under Rule 41(b) <u>and</u> as frivolous or for failure to state a claim under section 1915A(b)(1). The latter dismissal was well supported in the record since the Court had granted Plaintiff two opportunities to amend his complaint and his filings clearly failed to state a claim against TDCJ.

heart surgery in the summer of 2010, at least four months prior to filing this action. Therefore, because Plaintiff has not alleged a claim of imminent danger of serious physical injury, the District Court should bar him from proceeding *in forma pauperis* under section 1915(g). *See Adepegba*, 103 F.3d at 388.

### III. RECOMMENDATION

For the foregoing reasons, the District Court should **DISMISS** this action as barred by the three-strike provision of 28 U.S.C. § 1915(g). Such dismissal is with prejudice to the refiling of an *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit with full payment of the $350.00 filing fee.

The District Court should also **DENY** as moot Plaintiff's motions for leave to proceed *in forma pauperis* and for preliminary injunction and protective order. (Doc. 2-3.)

SIGNED February 10, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE